UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-215-JHC |
| Plaintiff, | ORDER |
| v. | |
| MAAR TENG RAMBANG, | |
| Defendant. | |

## I

### INTRODUCTION

This matter comes before the Court on pro se Defendant's Motion for Dismissal, Dkt. # 93, and Motion for New Trial, Dkt. # 94. The Court has considered the motions, the government's response (Dkt. # 95), pertinent portions of the record, and the governing law. For the reasons below, the Court DENIES the motions.

//

//

//

//

ORDER - 1

## II

### MOTION FOR DISMISSAL

Defendant purports to bring this motion under Federal Rule of Criminal Procedure 29, but he does not argue that the evidence was insufficient to sustain a conviction.  Rather, he offers only conclusory assertions of Fourth Amendment and Fifth Amendment violations.

Next, without presenting any argument, Defendant says that he received via mail the Court's Preliminary Jury Instructions, the government's Amended Exhibit List, and the government's Second Amended Witness List after the guilty verdict.  The government responds that these were courtesy copies.

But also, these documents were filed on January 21, Dkt. # 66, January 22, Dkt. # 69, and January 23, 2026, Dkt. # 70, respectively.  The Court understands that Defendant's standby counsel had access to these filings and provided them to Defendant.  Defendant does not contend otherwise nor cite any law to support his position.  Also, the Court provided Defendant with a copy of the Preliminary Jury Instructions and read them to the jury while Defendant was present in the courtroom during trial on January 26, 2026.  Dkt. # 73.  At no point during trial did Defendant say that he did not have these documents.

## III

### MOTION FOR NEW TRIAL

Defendant brings this motion under Federal Rule of Criminal Procedure 33.  Dkt. # 94 at 1.  His first argument is borderline incomprehensible.  He says, "The prosecutor stated that the defendant had a[n] entirely different gun.  Then what all his experts witness' [*sic*] testified to." *Id.*  Defendant does not point to a specific statement by the prosecutor regarding the gun involved in the case.  Also, the Court instructed the jury that statements by the attorneys are not

ORDER - 2

evidence. Dkt. # 66 at 16; Dkt. # 73, Dkt. # 86 at 7; and Dkt. # 83. This argument provides no basis for granting a new trial.

Next, without citing any law, Defendant says that the victim of Count 7 had a "conflict of interest as a victim" because the victim worked with "local and government agencies in his private practice" and "gets attorneys that request for [sic] help in his field of profession." *Id.* Based on these assertions, there appears to be no legal basis to order a new trial "in the interest of justice." *See* Fed. R. Crim. P. 33(a). At most, the assertions appear to go to bias, which Defendant had the opportunity to address on cross-examination.

Finally, Defendant repeats the same mailed documents assertion addressed above.

## IV

### CONCLUSION

For the reasons above, the Court DENIES the motions.

Dated this 4th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 3