UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
Plaintiff,
v.
MAAR TENG RAMBANG,
Defendant.

NO. CR22-215-JHC

**FINAL ORDER OF FORFEITURE**

THIS MATTER comes before the Court on the United States' Motion for a Final Order of Forfeiture ("Motion") for the following property ("Subject Property"):

a. one 9mm semiautomatic pistol with magazine ("Subject Firearm");
b. three magazines, one of which is 30-round extended capacity;
c. 12 rounds of Remington 9mm ammunition;
d. 33 rounds of assorted ammunition;
e. three rounds of 9mm Remington ammunition;
f. one round of Remington ammunition; and
g. one 9mm cartridge casing.

Dkt. # 128.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, as well as the Declaration of AUSA Jehiel I. Baer in Support of Motion for Final Order of Forfeiture ("Baer Decl."), hereby FINDS entry of a Final Order of Forfeiture is appropriate for these reasons:

1. On January 29, 2026, Defendant Rambang was convicted at trial by jury of *Carjacking* (Counts 1, 3, 6) and *Using a Firearm During a Crime of Violence* (Counts 2, 4, 7), (Dkt. No. 89);

2. On April 21, 2026, the Court entered a Preliminary Order of Forfeiture finding the Subject Property forfeitable pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c) and forfeiting Defendant's interest in it (Dkt. No. 106);

3. The United States published notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b)(6)(C) (see Dkt. No. 114), and attempted to provide direct notice, by means reasonably calculated to reach them, to one potential claimant as required by Fed. R. Crim. P. 32.2(b)(6)(A) and Supplemental Rule G(4)(b)(iii)-(v) of the Supplemental Rules for Certain Admiralty and Maritime Claims (see Declaration of AUSA Jehiel I. Baer in Support of Motion for a Final Order of Forfeiture ¶¶ 2, Exhibit A); and

4. The time period for filing third-party clams has expired, and none were filed.

NOW, THEREFORE, THE COURT ORDERS:

1. No right, title, or interest in the Subject Property exists in any party other than the United States.

2. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States; and

3. The United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and/or their representatives, are authorized to dispose of the Subject Property as permitted by governing law.

IT IS SO ORDERED.

DATED this 28th day of July, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE